## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

PULTE HOME COMPANY, LLC, a foreign
Corporation, CENTEX HOMES, a foreign
general partnership, and DIVOSTA HOMES,
LP, a foreign limited partnership,

    Plaintiffs,

vs.                                CASE NO:

NINA SANDOVAL, CONSTANTINO
PAINTING, INC., FLORIDA STATE
PLASTERING, LLC, INTEGRITY WALL
SYSTEMS, INC., AMERISURE
INSURANCE COMPANY, IRONSHORE
SPECIALTY INSURANCE COMPANY, AND
UNITED SPECIALTY INSURANCE COMPANY,

    Defendants.
_____/

## NOTICE OF REMOVAL

AMERISURE INSURANCE COMPANY ("Amerisure'), pursuant to 288 U.S.C. § 1441, removes this action, bearing Case No: 2019-CA-002358 in circuit court in Marion County, Florida, to the United States District Court, Middle District of Florida, and in support states:

### SUMMARY OF THE BASIS FOR REMOVAL

1.    Amerisure removes this action based on diversity of jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

### THE COMPLAINT AND THE PARTIES

2.    On 10/25/2019, PULTE HOME COMPANY, LLC ("Pulte"), CENTEX HOMES ("Centex"), and DIVOSTA HOMES, LP ("Divosta") (jointly "Pulte") filed suit against Amerisure, among other defendants, in the Circuit Court of Marion County, Florida, bearing Case No: 2019-

CA-002358. A complete copy of the complaint with all exhibits is attached as Composite Exhibit "A."[1]

3. According to the complaint, in 2008, Pulte developed and constructed a single-family residence in Ocala, Florida. (Compl., ¶14.) The residence was allegedly defective and, in 2018, the homeowner, NINA SANDOVAL, sued Pulte. (¶15.)[2] Pulte, in turn, filed a third-party complaint against COSTANTINO PAINTING, INC. ("Constantino") and FLORIDA STATE PLASTERING, LLC ("FSP") (jointly "Subcontractors"). (¶17.) The Subcontractors allegedly performed work on Pulte's behalf. (¶20.)

4. The complaint goes on to allege that the Subcontractors were required to obtain general liability insurance and have "Pulte added as an additional insured." (¶19.) According to the complaint, Constantino obtained a policy from Amerisure. (¶21.) FSP allegedly obtained policies from IRONSHORE SPECIALTY INSURANCE COMPANY ("Ironshore") and UNITED SPECIALTY INSURANCE COMPANY ("United"). (¶21.)

5. INTEGRITY WALL SYSTEMS, INC. ("Integrity") is merely a named insured in the policies issued to FSP. (¶9.)

6. Pulte's complaint alleges two causes of action against Amerisure, Ironshore, and United. In Count I, for declaratory relief, Pulte alleges that it qualifies as an additional insured under all the policies issued to the Subcontractors. (¶36.) Pulte further alleges that the

---

[1] Exhibit 2 of the Complaint is not available to the undersigned because it has been locked by the Circuit Court of Marion County, Florida.

[2] Sandoval alleges Pulte violated Florida's building codes by improperly installing the stucco system at the residence. (Compl. Ex.1, ¶ 10.) The alleged violations by Pulte resulted in damages to the exterior stucco, the underlying wire lath, paper backing, water resistive barriers, sheathing, interior walls, interior floors, and other property. (*Id.* at ¶ 17.) The alleged violations also "substantially reduced the value of the [residence] and/or require significant repairs and renovations to correct such defects and violations." (*Id.* at ¶ 18.) Sandoval seeks to recover the money necessary for the residence's repairs, as well as attorney's fees and costs. (Compl. Ex.1)

policies provide the company with coverage for "Pulte's liability and/or legal expenses incurred in addressing the claims by [Sandoval]." (¶34.) Pulte does not allege separate counts against the different insurers. Instead, Pulte lumps all the insurers together as if they were one single insurer, or as if they all insured the same Named Insured-Subcontractor.

7. In Count II, for breach of contract, Pulte alleges it "demanded that [the] Insurers defend and indemnify [the company] for the [Sandoval] claim." (¶42.) The insurers allegedly "failed and or refused to defend and indemnify Pulte as an additional insured." (¶43.) This alleged breach by the insurers "has resulted in damage to Pulte in the amount of defense fees and costs, including, but not limited to, expert costs and in some instances, indemnity payments to settle the claims that are the subject of [Sandoval's] claim." (¶44.)

### **DEFECTS IN THE COMPLAINT INTENDED TO SCUTTLE REMOVAL**

8. In its complaint, Pulte does not allege any counts against the Subcontractors or against Sandoval. In other words, there is no cause of action for the Subcontractors or Sandoval to answer or defend against. They should not have been named as defendants and their citizenship should be disregarded for diversity. To the extent they are proper defendants, they should be realigned as having a common interest with Pulte.

9. In its complaint, Pulte does not allege any counts against Integrity. In other words, there is no cause of action for Integrity to answer or defend against. It should not have been named as a defendant and its citizenship should be disregarded for diversity. To the extent it is a proper defendant, it should be realigned as having a common interest with Pulte.

10. In its complaint, Pulte bundles all the insurers together into a single lawsuit, even though their policies do not cover the same named insureds. Regardless, Pulte's citizenship is diverse from all of the insurers.

## STANDARD FOR REMOVAL

11. Removal is appropriate because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs.

12. For removal, the burden is on the party seeking removal to demonstrate that federal jurisdiction exists. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 (11th Cir. 2007). Where the plaintiff has not pled a specific amount of damages to satisfy diversity jurisdiction, the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied. *Id.*

13. In this case, Amerisure respectfully submits that the record establishes that this Court has jurisdiction.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

14. Pulte was at all times, including the time this action was commenced, and notice filed, a Limited Liability Company. Upon information and belief, and based on investigation, Pulte's members are citizens of Georgia and Florida. Pulte accordingly is a citizen of Georgia and Florida. Stated differently, Amerisure has no information that any of Pulte's members are citizens of Michigan, Amerisure's state of citizenship. There is also no information to suggest that any of Pulte's members are citizens of Arizona, Delaware, or Texas, the place of citizenship of the other insurer defendants.

15. Centex is a fictitious name registered to Pulte.

16. Divosta was at all times, including the time this action was commenced, and notice filed, a Limited Partnership. Upon information and belief, Divosta's general partner, Divosta Home Holdings, LLC, was at all times, including the time this action was commenced,

and notice filed, a citizen of both Georgia and Florida.[3] Stated differently, Amerisure has no information that Divosta's general partner is a citizen of Michigan, Amerisure's state of citizenship. There is also no information to suggest that Divosta's general partner is a citizen of Arizona, Delaware, or Texas, the place of citizenship of the other insurer defendants.

17. Amerisure was at all times, including the time this action was commenced, and this notice filed, a Michigan corporation with its principal place of business in Farmington Hills, Michigan. Amerisure is accordingly a citizen of the state of Michigan.

18. Ironshore was at all times, including the time this action was commenced, and this notice filed, an Arizona corporation with its principal place of business in Boston, Massachusetts. Ironshore is accordingly a citizen of the states of Arizona and Massachusetts.

19. United Specialty was at all times, including the time this action was commenced, and this notice filed, a Delaware corporation with its principal place of business in Bedford, Texas. Ironshore is accordingly a citizen of the states of Delaware and Texas.

20. Sandoval was at all times, including the time this action was commenced, and this notice filed, a resident of Marion County, Florida. Sandoval is accordingly a citizen of Florida.

21. Constantino was at all times, including the time this action was commenced, and this notice filed, a Florida corporation with its principal place of business in Belleview, Florida. Constantino is accordingly a citizen of the state of Florida.

22. FSP was at all times, including the time this action was commenced, and this notice filed, a Florida corporation with its principal place of business in Belleview, Florida. FSP is accordingly a citizen of the state of Florida.

---

[3] Upon information and belief, the members of Divosta Home Holdings, LLC are citizens of Georgia and Florida. Divosta Home Holdings, LLC is accordingly a citizen of both Georgia and Florida.

23. Integrity was at all times, including the time this action was commenced, and this notice filed, a Nevada corporation with its principal place of business in Las Vegas, Nevada. Integrity is accordingly a citizen of the state of Nevada.

24. Despite their designation as "plaintiffs" and "defendants," the interests of Pulte and Sandoval are aligned because they have a common interest in having the insurers defend and indemnify Pulte in Sandoval's lawsuit. Clearly, their interests are more than aligned; indeed, they are nearly identical.

25. Similarly, the interests of the Subcontractors and Pulte are aligned because they have a common interest in having the insurers defend and indemnify Pulte in Sandoval's lawsuit, which will prevent litigation by Pulte against the Subcontractors. Clearly, their interests are more than aligned; indeed, they are nearly identical.

26. Under the law, "diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Indeed, it is the federal court's duty to "look beyond the pleadings, and arrange the parties according to their sides in the dispute. *Id*. at 69. The court must also work out the relation of each party to the suit according to the nature of his real interest, and then decide the question of jurisdiction. *La Shangrila, Inc. v. Hermitage Ins. Co.*, Case No: 8:07-cv-1133-T-24 EAJ, U.S. Dist. 2007 WL 2330912 at *2 (M.D. Fla. 2007) Accordingly, if the interests of a party named as defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes. *Id*.

27. For the Court's convenience, this table identifies the interests of the parties.

| Seeking Coverage | Disclaimed Coverage |
|---|---|
| Pulte<br>Sandoval | Amerisure<br>Ironshore<br>United Specialty |
| **Disinterested/Realigned** | |
| Constantino<br>FSP<br>Integrity | |

28. Accordingly, there is complete diversity between all of the as-realigned plaintiffs and all of the defendants.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

29. The Amerisure policy has a liability limit of $1,000,000 per claim, which ought to be considered for the amount in controversy here.[4]

30. While Pulte's complaint does not specify the monetary award it seeks from Amerisure, in her complaint against Pulte, Sandoval seeks to recover the money necessary for her residence's repairs, as well as attorney's fees and costs. Sandoval alleges that the damages to her residence are extensive and have substantially reduced its value. According to the Ocala County Appraiser's Office, Sandoval's residence has an assessed value of $186,685.

31. Under the circumstances, it is accordingly reasonable that Sandoval could be awarded an amount greater than $75,000, which does not include the attorney's fees and costs incurred by Pulte that it seeks from the insurers.[5]

---

[4] In declaratory judgment actions where coverage under an insurance policy is at issue, courts allow the policy limit to serve as the amount in controversy. *Henri v. Transamerica Premier Life Ins. Co.*, Case No: 12-22909-CIV-MARTINEZ/AOR, U.S. Dist. 2019 WL 3409490 at * 2 (S.D. Fla. Apr. 29, 2019); *see also Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996) (holding that the face value of a policy constituted the jurisdictional amount).

## THE NOTICE OF REMOVAL IS TIMELY

32. On 11/01/2019, Pulte served its complaint on the Chief Financial Officer of the State of Florida. A copy of the complaint was subsequently forwarded to Amerisure on 11/04/2019. Pursuant to U.S.C. § 1446(b), this notice is accordingly timely since it was filed within thirty days of Amerisure's receipt of the pleading.

## ALL ELEMENTS OF REMOVAL ARE SATISFIED

33. Because the plaintiffs and the defendants are citizens of different states, and because the amount in controversy is in excess of $75,000, exclusive of interest, attorney's fees, and costs, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

34. Pursuant to U.S.C. § 1446(b) a copy of all process, pleadings, and order that Amerisure has received are attached as Composite Exhibit "A."

35. A copy of the notice was promptly filed with the Clerk of the Circuit Court, Marion County, Florida, and served on all interested parties.

36. Amerisure, under 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully requests this Court remove this action, which is pending in Circuit Court, Marion County, Florida.

---

[5] In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of litigation. *Macy's Florida Stores, LLC v. Illinois Nat. Ins. Co.*, Case No: 08-21619-CIV, U.S. Dist. 2008 WL 2741132 at *2 (S.D. Fla. Jul. 11, 2008); *see also Clarendon Am. Ins. v. Miami Ricer Club, Inc.*, 417 F.Supp.2d 1309, 1316 (S.D. Fla. 2006) ("In an action by an insurance company seeking a court's declaration that it has no duty to defend or indemnify its insured in an underlying lawsuit, a court examines the following factors to determine the amount in controversy: (1) the coverage limits of the insurance company; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit.")

## CONSENT OF THE OTHER INSURERS IS NOT REQUIRED

37. Pulte sued Amerisure and the other insurers seeking to have its rights declared under the Subcontractors' policies.

38. Amerisure issued a policy of insurance to Constantino. Ironshore and United issued policies of insurance to FSP.

39. Because Amerisure and the other insurers did not issue policies to the same named insured, it was improper for Pulte to sue them in the same action.

40. Stated differently, the Court may determine Pulte's rights under the Amerisure policy and potentially enter a final judgment against Amerisure without affecting Pulte's rights under the policies issued by Ironshore and United.

41. Accordingly, under the current posture of the litigation, Ironshore and United's consent is not needed because they are nominal or formal parties relative to Amerisure. To the extent that they object to removal, however, Amerisure will immediately notify the Court.[6]

Respectfully submitted,

/s/ SERGIO BUENO
**SERGIO BUENO**
Florida Bar No: 112401
Sergio.Bueno@Clydeco.us
SINA BAHADORAN
Florida Bar No: 523364
Sina.Bahadoran@Clydeco.us

CLYDE & CO US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646

---

[6] Nominal or formal parties, are not necessary or indispensable, and are not required to join in a petition for removal. *Monroe v. Continental Tire the Americas, LLC*, 807 F. Supp. 1129, 1132 (M.D. Fla. 2011). The test of whether a defendant is indispensable is whether in the absence of the defendant, the court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff. *Id.* (*citing Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp.2d 1336, 1339 n.5 (M.D. Fla. 2003).

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on November 22, 2109, I e-filed this document using CM/ECF system. I further certify that I am not aware of any non-CM/ECF participants.

/s/ SERGIO BUENO
**SERGIO BUENO**
